BARKDULL, Judge.
Plaintiff Bank appeals an order dated July 14,1977 requiring it to produce examination reports which pertain to auditor inspections by the State Comptroller’s Office and the Federal Deposit Insurance Corporation (F.D.I.C.), insofar as such documents pertain to the mortgage and loan transaction which is the basis of a foreclosure action.
The petitioner-appellant Bank contends the trial court erred in requiring it, a Florida banking corporation, to produce for inspection reports issued by the Department of Banking where Section 658.10(l)(a), Florida Statutes (1975)[1] provides that such reports are confidential. Communications are not to be made public unless with the consent of the Department of Banking and Finance, and no consent was given by such department. Second, that the court erred in requiring plaintiff, a Florida banking corporation, to produce for inspection reports issued by the F.D.I.C. after an audit, where F.D.I.C. regulation # 309 provides that such reports are the property of the F.D.I.C. and not to be disclosed.[2]
We affirm the right of the respondents to attempt discovery through the records sought. However, it appears that as to the State records, the court should first make an in-camera inspection in accordance with the law in effect on the date the order under review was entered. As to the Federal records, the trial court may authorize the appellees to attempt to secure production of these, but should not direct the petitioner Bank to produce Federal records.
Therefore, the order under review is affirmed as to the right of inspection, but reversed as to directing the Bank to produce these records without first (as to the State records) having an in-camera inspection by the trial judge, and (as to the Federal records) the respondent should merely be authorized to seek to obtain them from the necessary Federal officials.
Affirmed in part; reversed in part.

. Effective July 1, 1977, the above statute was changed to read, in part, as follows:
“(2)(a) Orders of courts of hearing officers for the production of confidential records and information shall provide for in-camera inspection by the court or the hearing officer

. This provides, in part, as follows:
“Notwithstanding any of the foregoing provisions, the Chairman of the Board of Directors, in his discretion and pursuant to law, may authorize the production, examination, or inspection of any records, or the disclosure of any information * * * if he shall find such action to be in the best interests of the corporation and consistent with the public interest and applicable law.”