OTT, Chief Judge.
In these consolidated petitions for writ of certiorari, the petitioner, Federal Deposit Insurance Corporation (FDIC), asks this court to quash orders of the lower court granting discovery. We grant in part the petition in No. 83-1705.
FDIC, as liquidator of The Metropolitan Bank and Trust Company, brought suit to collect certain debts owed to the bank by the respondents. In response to a motion to compel discovery filed by respondents in No. 83-1705, FDIC was ordered to produce, among other things, documents in its possession but subject to restrictions imposed by Federal Regulations of the Board of Governors of the Federal Reserve. See 12 *591 C.F.R. §§ 261.6 and 261.7 (1982).[1] These regulations specifically prohibit FDIC from complying with the court’s order.
A similar situation occurred in Hialeah-Miami Springs First State Bank v. B.S. Enterprises, Inc., 353 So.2d 1243 (Fla. 3d DCA 1978). There, the bank was required to produce for inspection reports issued by FDIC. The reports in question were the property of FDIC and not to be disclosed. The third district reversed, holding that the lower court should authorize B.S. Enterprises to seek to obtain the records from “the necessary Federal officials” but not from the bank. Id. at 1244.
Likewise, in our case respondents should merely have been authorized to seek to obtain the documents from the proper Federal Reserve officials. We therefore quash that portion of the order in No. 83-1705 requiring FDIC to produce the previously described Federal Reserve documents.
FDIC also challenges orders in both cases requiring production of confidential reports of the Comptroller of the State of Florida. See § 655.057(1), Fla.Stat. (1981).[2] The lower court’s orders restrict access to the reports and otherwise protect the confidentiality of the reports. We therefore deny the petitions for certiorari as regards the Comptroller reports.
Certiorari GRANTED IN PART and DENIED IN PART.
DANAHY and CAMPBELL, JJ., concur.

. Specifically, 12 C.F.R. § 261.7(b) provides:
(b) Appearance by person served
Unless the Board has authorized disclosure of the relevant information, or except as provided in 18 U.S.C. 1906, any person having information of the Board that may not be disclosed under this part who is required to respond to a subpoena or other legal process shall attend at the time and place therein mentioned and decline to disclose such information or gives any testimony with respect thereof, basing his refusal upon the part. If the court or other body orders the disclosure of such information or the giving of such testimony, the person having such information of the Board shall continue to decline to disclose such information and shall promptly report the facts to the Board for such action as the Board may deem appropriate.

. Section 655.057(l)(b) provides:
The following records and information of the Department are confidential:
... 3. reports of examination or operations, working notes or papers and memoran-da and records or portions thereof, containing or relating to an examination, operation, or condition report prepared by, or on behalf of or for use by the Department or any other agency, state or federal, responsible for the regulation or supervision of financial institutions in this state or affiliates thereof ... any person receiving confidential information pursuant to the provisions of this subpara-graph shall maintain the confidentiality of the information.